UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE SUPER PANGA BOAT EQUIPPED WITH FOUR YAMAHA 350 HP OUTBOARD MOTORS,<br><br>    Defendant. | Case No. CV 17-02500-ODW(AFM)<br><br><br>CONSENT JUDGMENT OF FORFEITURE |
| TRAVIS LOBO,<br><br>    Claimant. | |

This civil forfeiture action was commenced on March 31, 2017, against the defendant One Super Panga Boat Equipped With Four Yamaha 350 HP Outboard Motors (the "defendant panga"), seized on or about April 10, 2012, by the Santa Barbara

County Sheriff's Office on Tajiguas Beach in Santa Barbara, California. On May 16, 2017, Travis Lobo ("Lobo") filed a claim of interest and an answer to the complaint. On November 3, 2017, Lobo filed a withdrawal of his claim. No other parties have appeared in this case and the time for filing claims of interest and answers has expired.

Plaintiff United States of America and Lobo have reached an agreement that is dispositive of the action. The parties have requested that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED**:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Notice of this action has been given in accordance with law. All potential claimants to the defendant panga, other than Lobo, are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. The United States of America shall have judgment as to the defendant panga, and no other person or entity shall have any right, title or interest therein. The United States is ordered to dispose of the defendant panga in accordance with law.

4. Lobo has agreed to release the United States of America, its agencies, agents, and officers, including employees, officers and agents of the Department of Homeland Security – U.S. Customs and Border Protection and Santa Barbara Sheriff's Department, from any and all claims, actions or liabilities arising out of or related to this action or the underlying seizures, including, without limitation, any claim for attorney's fees, costs or interest in this federal forfeiture action, whether pursuant to 28 U.S.C. § 2465 or otherwise. If Lobo has submitted a petition for remission concerning the defendant panga, said petition is withdrawn and Lobo has waived any rights he may have to seek remission or mitigation of the forfeiture of the defendant panga to be forfeited by this judgment.

5. This agreement is not admissible in any proceeding, civil or criminal,

2

| | |
|---|---|
| 1 | except for purposes of enforcing or interpreting the terms of the agreement.  Each of the |
| 2 | Parties shall bear its own attorney's fees and costs in connection with this matter. |
| 3 | 6. The Parties waive all appeal rights with respect to this forfeiture matter. |
| 4 | 7. The Court finds that there was reasonable cause for the seizure of the |
| 5 | defendant currency and institution of these proceedings.  This judgment shall be |
| 6 | construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465. |

**IT IS SO ORDERED.**

November 8, 2017

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**